### 14525. BLOUNT *v.* FISHER & WILLIS.

STEPHENS, J. 1. An obligor in an agreement to pay a certain sum of money as representing tne debt of another, due the obligee, will be discharged pro tanto upon the obligation in proportion to any reduction made by payment of the other upon the indebtedness.

2. In a suit by the obligee against the obligor upon the contract, for the full amount of the debt stipulated in the contract, where it appears that a part of the indebtedness has been paid, there can be no recovery for the full amount, nor can there be a recovery in any amount where it appears from the evidence that a portion of the indebtedness has been paid, and there are no data sufficiently definite to establish the actual balance due on the other person's indebtedness to the obligee.

3. Where the obligor in such a contract agreed to pay to the obligee a debt of $400, owing by a third person to the obligee, for a mule bought from the obligee, and the obligee afterwards sold to the other person three other mules and took a purchase-money note in the sum of $1306.80, which, as was recited in the note, was the purchase price of the four mules, and where, after crediting the note with a payment of $750 paid thereon by the purchaser (such payment being an agreed valuation of the three mules which were returned to the seller), the seller instituted a purchase-money attachment against the mule for whose purchase-money the obligor had agreed to be bound, under which attachment the mule was levied on and sold and the proceeds of the sale applied on the balance due upon the indebtedness of $1306.80, less the credit of $750, it is clearly inferable that a part of the indebtedness which the obligor had contracted to pay had been discharged; and there being no sufficient data to indicate in what amount the indebtedness had been reduced, if not entirely discharged, the evidence did not authorize the verdict found for the plaintiff in the full amount sued for, and it was error to overrule the defendant's motion for a new trial.

4. Since the undisputed evidence establishes the existence of the contract sued on, and the defendant has not pleaded any special defenses thereto, but has pleaded only a general denial of the plaintiff's allegations, the plaintiff is entitled to recover, upon proof of the amount due upon the

$400 as the purchase price of the mule, less the proceeds obtained upon the sale of the mule under the purchase-money attachment.

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1924.

Complaint; from Pulaski superior court—Judge Graham.  March 3, 1923.

*H. E. Coates,* for plaintiff in error.  *Lawson & Ware,* contra.